UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiffs,

v.

TINA TONEY-WINDOM,

    Defendant.

_____/

Case No. 18-13109

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [18]**

Plaintiff brought this student loan recovery action on October 4, 2018 [Dkt. # 1]. Defendant was served on December 13, 2018. Defendant is pro se, and although settlement was discussed at a May 2, 2019 conference, it appears that the parties were not able to reach a resolution.

On November 5, 2019, Defendant moved for summary judgment. (ECF No. 18). The Court scheduled a telephonic conference on April 14, 2020, mailing notice to Defendant's address, but Defendant did not appear for the conference. (ECF No. 19). Plaintiff's Motion for Summary Judgment is therefore unopposed before the Court. The fact that Defendant has not responded to the motion, however, does nothing to shift the burden off the movant. "Even where a party 'offer[s] no timely response to [a] [ ] motion for summary judgment, the District Court [may] not use

that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c)." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014) (quoting *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir.1979).).

## **LEGAL STANDARD**

Plaintiff brings its motion under FED. R. CIV. P. 56. When evaluating a motion for summary judgment, by contrast, the Court must consider the evidence on the record, drawing all inferences in Defendant's favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The question on summary judgment is whether the moving party has demonstrated that the evidence available to the court establishes no genuine issue of material fact such that it is entitled to a judgment as a matter of law." *Dobrowski v. Jay Dee Contractors, Inc.*, 571 F.3d 551, 554 (6th Cir. 2009). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmoving party "may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part upon credibility

considerations…[but instead] must present affirmative evidence." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004) (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)).

## ANALYSIS

Plaintiff alleges that Defendant owes the United States $9,152.58 plus interest from the date the complaint was filed. "To recover on a promissory note the government must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder and (3) the note is in default." *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009).

The Government can fulfill all three prongs by introducing the signed note and a certificate of indebtedness. *Id; see also Guillermety v. Sec'y of Educ. of U.S.*, 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003) ("The Government can establish a prima facie case that it is entitled to collect on a promissory note if it introduces the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst."). At that point, the burden shifts to Plaintiff to prove the non-existence of the debt. *Id*.

Plaintiff has argued that it "has established its prima facia case, having attached hereto the promissory note signed by Ms. Toney-Windom, together with a Certificate of Indebtedness and Affidavit signed under penalty of perjury by a U.S. Department of Education loan analyst." No exhibits were cited. The only attachment

to the motion is a four-paragraph affidavit of a Loan Specialist testifying that a certificate of indebtedness exists. The certificate itself is not attached, though it is attached to the complaint. (ECF No. 1, PageId.3). More importantly, the promissory note does not appear anywhere on the record.[1]

Without a signed promissory note Plaintiff is unable to establish a prima facie case.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [18] is **DENIED**.

**SO ORDERED**.

                                                    s/Arthur J. Tarnow
                                                    Arthur J. Tarnow
Dated: June 3, 2020                      Senior United States District Judge

---

[1] This may have been an oversight on the Government's part, as the brief does ask the Court to "[p]lease see the Promissory Note, Certificate of Indebtedness and Affidavit attached hereto as Exhibits A, B and C, respectively." (ECF No. 18, PageId.39).